IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JESSE WALLACE,<br><br>        Plaintiff,<br><br>v.<br><br>TORY REED,<br>ANDY GARDEN,<br>DR. LOCKHARD, and<br>MS. DANIELLE,<br><br>        Defendants. | Case No. 21-cv-01512-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Jesse Wallace, who is in custody at the Marion County Jail, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### COMPLAINT

Wallace alleges that he has been held at Marion County Jail since October 17, 2021. Since his arrival, Wallace has been experiencing blood in his stool, swollen testicles, and extreme pain. Wallace also has a cyst in his stomach. He has reported his medical issues to staff and been told to wait until he is released to receive treatment. At some point, Wallace was seen by Dr. Lockhard who told him to stop drinking milk because drinking milk was causing his symptoms. (*Id.* at p. 6, 11). But Wallace asserts that he has consumed milk all his life without any medical issues. Wallace asks to be taken to an outside hospital for treatment and for monetary compensation.

## DISCUSSION

Based on the allegations in the Complaint, the Court designates the following count:

**Count 1:** Eighth or Fourteenth Amendment claim against Defendants for denying Wallace medical care for his serious medical symptoms of pain, swollen testicles, rectal bleeding, and stomach cyst.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

The proper analytical framework for Wallace's claim of a constitutional deprivation depends on his status as a pretrial detainee or convicted person at the time of his injury. If he was a pretrial detainee at the time of the alleged events then his claim is governed by the Fourteenth Amendment objective unreasonableness standard. *See Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018). If he was a convicted person, the claim is controlled by the Eighth Amendment deliberate indifference standard. *Estelle v. Gamble*, 429 U.S. 97 (1976). Wallace does not specify his status at the time he was being held at Marion County Jail. Regardless, Count 1 survives under either standard as to Defendant Dr. Lockhard.

Count 1 will be dismissed, however, against the remaining Defendants – Reed, Garden, and Danielle. Wallace does not describe any conduct on the part of these individuals in his Complaint, and merely listing them as parties in the case caption is not sufficient to state a claim. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (liability under Section 1983 requires personal involvement); *Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir. 1998) (merely naming a party in the caption of a complaint does not state a claim against that individual).

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (7th Cir. 2007).

### DISPOSITION

For the reasons stated above, the Complaint survives preliminary review pursuant to 28 U.S.C. § 1915A. Count 1 shall proceed against Dr. Lockhard. Defendants Reed, Garden, and Danielle are **DISMISSED without prejudice.** The Clerk of Court is **DIRECTED** to **TERMINATE** them as parties to this case.

The Clerk shall prepare for **Lockhard** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1) and this Memorandum and Order to Lockhard's place of employment as identified by Wallace. If Lockhard fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on him, and the Court will require Lockhard to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Lockhard can no longer be found at the work address provided by Wallace, the employer shall furnish the Clerk with his current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant Lockhard is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, he need only respond to the issues stated in this Merit Review Order.**

**IT IS FURTHER ORDERED** that if judgment is rendered against Wallace, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full

amount of the costs, even though his application to proceed in forma pauperis was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Wallace is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   November 15, 2022**

                                               *s/Stephen P. McGlynn*
                                               **STEPHEN P. MCGLYNN**
                                               **United States District Judge**

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.